### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | No.   12-52118 |
| MJM Development, LLC | ) | Chapter 11 |
| Debtor | ) | |
| MJM Development, LLC | ) | |
| Movant | ) | |
| v. | ) | |
| First County Bank, Connecticut Community Bank dba The Greenwich Bank and Trust Company, and First Niagara Bank, | ) ) ) | |
| Respondents | ) | August 1, 2013 |

### AMENDED MOTION TO DETERMINE THE VALUE OF CLAIMS SECURED BY LIENS AND OBJECTION TO LIENS EXCEEDING SAID VALUE PURSUANT TO 11 U.S.C. §506(a) AND (d)

The Debtor in the above entitled matter respectfully represents the following:

1. The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. Section 157(b)(2)(B) and 11 U.S.C. § 506.

2. This motion is brought pursuant to Bankruptcy Rule 3012 and 11 U.S.C. §506(a) and (d).

3. Debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 28, 2012 (the "Petition Date").

4. On November 28, 2012, the Debtor owned real property located at 17 Stillwater Place ("Property 1") and Lot 3 Stillwater Place ("Property 2"), Stamford, Connecticut, more particularly described in Schedule A to the Proposed Order.

5. On said date, Wells Fargo Bank, successor in interest to Wachovia Bank, claimed a secured interest by virtue of a mortgage on said Property 1 and Property 2 which was recorded on July 25, 2002 in Volume 6335 at page 308 of the City of Stamford Land Records for which the balance as of the date of filing is $219,000.00 per the Debtor's schedules.

6. On said date, First County Bank claimed a secured interest by virtue of a mortgage on said Property 1 and Property 2 in the amount of $1,950,000.00 which was recorded on July 15, 2009 in Volume 9653 at page 88 of the City of Stamford Land Records, for which the balance as of the date of filing is $2,121,870.68 as per the proof of claim on file.

7. On said date, Connecticut Community Bank dba The Greenwich Bank and Trust Company, claimed a secured interest by virtue of a mortgage on said Property 1 which was recorded on December 8, 2010 in Volume 10032 at page 282 of the City of Stamford Land Records for which the balance as of the date of filing is $252,077.00 per the petition.

8. On said date, First County Bank claimed a secured interest by virtue of an attachment on said Property 1 and Property 2 which was recorded on February 9, 2012 in Volume 10342 at page 97 of the City of Stamford Land Records for which the balance as of the date of filing is $246,600.00, and which is subject to dispute.

9. On said date, First Niagara Bank claimed a secured interest by virtue of an attachment on said Property 1 and Property 2 against MJM Stamford Hardware, LLC and Miguel A. Juarez, which was recorded on February 14, 2012 in Volume 10345 at page 322, of the City of Stamford Land Records for which the balance as of the date of filing is $770,000.00, and which is subject to dispute.

10. On said date, First Niagara Bank claimed a secured interest by virtue of an attachment on said Property 1 and Property 2 against MJM Stamford Hardware, LLC and Miguel

A. Juarez, which was recorded on February 14, 2012 in Volume 10345 at page 330, of the City of Stamford Land Records for which the balance as of the date of filing is $120,000.00, and which is subject to dispute.

11. On said date, City of Stamford claimed a secured interest by virtue of a tax lien on said Property 1 which was recorded on June 12, 2012 in Volume 10445 at page 278, of the City of Stamford Land Records for which the balance as of the date of filing is $9,544.74.

12. On said date, City of Stamford claimed a secured interest by virtue of a tax lien on said Property 2 which was recorded on June 12, 2012 in Volume 10445 at page 279, of the City of Stamford Land Records for which the balance as of the date of filing is $4,955.94.

13. On said date, Connecticut Community Bank claimed a secured interest by virtue of a lis pendens on said Property 1 and Property 2 against Miguel Juarez, et al, which was recorded on August 31, 2012 in Volume 10520 at page 53, of the Stamford Land Records for which no amount is given.

14. The City of Stamford claims a secured interest by virtue of a tax lien on said Property 1 which was recorded on June 12, 2012 in Volume 10445 at Page 278 of the Stamford Land Records, for which the balance due as of July 30, 2013 is $1,119.59. The City of Stamford also claims taxes due on Property 1 for the 2011 and 2012 grand list for a total of $11,654.58 as of July 30, 2013.

15. The City of Stamford claims a secured interest by virtue of a tax lien on said Property 2 which was recorded on June 12, 2012 in Volume 10445 at Page 279 of the Stamford Land Records, for which the balance due as of July 30 is $288.11. The City of Stamford also claims taxes due on Property 2 for the 2011 and 2012 grand list for a total of $10,440.53 as of July 30, 2013.

16. The fair market value of Property 1 is $285,000.00 and the fair market value of Property 2 is $70,000.00 as per the copies of the appraisals and portions thereof annexed hereto as Exhibit A.

**WHEREFORE**, the Debtor moves this Court find and determine, pursuant to 11 U.S.C. §506(a) and (d), that as of the date of the filing of this bankruptcy case, November 28, 2012:

a. the fair market value of Property 1 was $285,000.00 and the fair market of Property 2 was $70,000.00;

b. The taxes of the City of Stamford on Property 1 in the total amount of $12,774.17 is allowed as a secured claim on Property 1 in same amount;

c. The taxes of the City of Stamford on Property 2 in the total amount of $10,728.64 is allowed as a secured claim on Property 2 in same amount;

d. The first mortgage lien of Wells Fargo Bank, successor in interest to Wachovia Bank, in the amount of $219,000.00 is allowed as a secured claim on Property 1 in same amount;

e. The second mortgage lien of First County Bank in the amount of $2,121,870.68 is allowed as a secured claim on Property 1 in the amount of $53,255.83 and on Property 2 in the amount of $59,271.36.

f. The third mortgage lien of Connecticut Community Bank, dba The Greenwich Bank and Trust Company, in the amount of $252,077.00 is disallowed in its entirety;

g. The attachment of First County Bank in the amount of $246,600.00 is void and discharged, and disallowed in its entirety;

h. The attachment of First Niagara Bank in the amount of $770,000.00 is void and discharged, and disallowed in its entirety;

   i.  The attachment of First Niagara Bank in the amount of $120,000.00 is void and discharged, and disallowed in its entirety;

   j.  the lis pendens by Connecticut Community Bank is void and discharged; and

   k.  that all other liens or any portion thereof exceeding the fair market value of said properties b3e declared void and discharged.

           **THE DEBTOR**

    BY: _____/s/_____
      Scott M. Charmoy   CT 15889
      Charmoy & Charmoy
      1261 Post Road, Box 804
      Fairfield, CT  06824
      (203) 255-8100
      scottcharmoy@charmoy.com